THE TOWN HALL, INC., Plaintiff, *v.* BENJAMIN FRANKLIN, Doing Business as ASSOCIATED TOWN HALLS, Defendant.

Supreme Court, Special Term, New York County, March 28, 1940.

*Cadwalader, Wickersham & Taft*, for the plaintiff.

*Gazan & Caldwell*, for the defendant.

McLAUGHLIN, J. The plaintiff is a membership corporation founded in 1894 but having a different name until 1938. For years it used the name "Town Hall" and its existence and labors have been identified with these words. It is an educational institution based upon the idea of disseminating the views of all sides of any particular question. To carry out its purposes it has used the lecture system, printed bulletins and the radio. All its activities are known as those of the "Town Hall." The stationery, magazines, bulletins, news publications, bank accounts, and even its building were designated or identified as that of Town Hall. Its sphere of influence has extended all over this country and beyond its borders.

The plaintiff, by its efforts, has obtained the right to be protected in the use of the trade name " Town Hall." (*Mark Realty Corp.* v. *Hirsch,* 180 App. Div. 549, 554.) The defendant is not only using this name coupled with the words " Associated " and " Halls of America," but is also using the name itself and has adopted a very similar scroll. His headquarters are stated to have been in New York. Plainly he has sought and is still seeking to obtain something that belongs to this plaintiff, *i. e.,* a name known throughout this country as symbolic of the enterprises conducted by the plaintiff. He has made a retreat to Connecticut, but this does not stop his activities for he is working from there. The bad faith of the defendant is not only apparent from his actions in adopting a similar name, but in his present and expressed intention of its continued use outside this city and State through a Delaware corporation. Surely this necessitates but one conclusion. The defendant is satisfied that he cannot any longer succeed in this State in an attempt to use the name, and he will, therefore, continue to exploit and capitalize on it elsewhere in this country.

The argument is made by the defendant that the derivation and use of the words or expression " Town Hall " will require a finding that it is a generic term and open to use by every one. That contention fails in this case because by the efforts of the plaintiff those words have now a secondary meaning in the field where plaintiff operates. (*Dell Publishing Co., Inc.,* v. *Ultem Publications, Inc.,* 171 Misc. 159; *Lever Bros. Co.* v. *Eavenson & Sons, Inc.,* 157 id. 297; modfd., 249 App. Div. 617.)

The defendant asserts that his actions are the result of an invitation by plaintiff to the public to do just what he did. The court has examined the literature relied upon by him and the only conclusion to be reached is that it contains an invitation to the public to join and become associated with the plaintiff. Certainly it does not afford any justification for the use by the defendant of the names complained of in the manner that the evidence discloses.

The other matters raised stressing supposed dissimilarity of names, lack of confusion and the veiled charge of overcharging the public by the plaintiff have no merit.

There remains only the question as to the scope of the injunction. The court is satisfied that the defendant intends to compete unfairly with this plaintiff throughout the country. His removal from New York would leave him unscathed and able to continue operations which may be enjoined in this State unless the injunction is sufficiently broad to prevent his actions. The influence and work of the plaintiff institution should be protected from the defendant. Here is a man who moves from New York when the courts swing into action. He has operated on the strength of the plaintiff's

name elsewhere in this country and seems by his actions determined to so continue. Justice requires that the scope of the injunction forbidding the use of the name by the defendant extend to the confines of this country.

Judgment for the plaintiff. Settle decision.